[963 NYS2d 589]

In the Matter of MARVIN BLAKELY, an Attorney, Respondent.
GRIEVANCE COMMITTEE FOR THE SECOND, ELEVENTH, AND
THIRTEENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, April 24, 2013

**APPEARANCES OF COUNSEL**

*Diana Maxfield Kearse*, Brooklyn (*Colette M. Landers* of counsel), for petitioner.

**OPINION OF THE COURT**

Per Curiam.

By order dated January 25, 2012 (208 NJ 589, 34 A3d 774

[2012]), the Supreme Court of New Jersey reprimanded the respondent for violating New Jersey Rules of Professional Conduct (hereinafter RPC) rules 1.1 (a) (gross neglect), 1.5 (b) (failure to provide client with a written retainer agreement), 1.15 (a) (negligent misappropriation) and (d) and New Jersey Rules of Court rule 1:21-6 (recordkeeping violations) and RPC rule 5.5 (a) (practicing law while ineligible). The order was predicated on a review of decision 11-183 by the Disciplinary Review Board (hereinafter the DRB) decided December 1, 2011.

The respondent was admitted to the New Jersey bar in 1985.

This matter came before the DRB on a recommendation for discipline filed by the District Ethics Committee (hereinafter the DEC). A hearing was held before the DEC on March 1, 2011. The respondent admitted virtually all of the factual allegations, which concerned his participation in a mortgage fraud scheme. The DRB, after conducting a de novo review of the record, concluded that the imposition of a reprimand was appropriate.

The Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts (hereinafter the Grievance Committee) served the respondent with a notice pursuant to 22 NYCRR 691.3 informing him of his right to, within 20 days, file a verified statement setting forth any of the defenses to the imposition of discipline enumerated in 22 NYCRR 691.3 (c). Although duly served by the Grievance Committee on August 20, 2012, the respondent neither asserted any of the enumerated defenses nor demanded a hearing. Accordingly, there is no impediment to the imposition of reciprocal discipline.

By letter dated November 15, 2012, the Grievance Committee advised the Court that it admonished the respondent on October 11, 2012 for separate acts concerning his representation of four individual complainants in four separate real estate closings. The four individuals were among the many individuals referred to the respondent by Home Savers Consulting Corporation, a company advertising its services as a foreclosure rescue specialist and mortgage broker. Akin to the underlying matter in the New Jersey proceeding, straw buyers were involved in the transactions. The respondent was admonished for his inadequate representation of these individuals and his failure to submit written answers to three out of four complaints.

Based on the findings of the Supreme Court of New Jersey, reciprocal discipline is imposed on the respondent pursuant to 22 NYCRR 691.3, and the respondent is publicly censured.

Eng, P.J., Rivera, Skelos, Dillon and Angiolillo, JJ., concur.

Ordered that the Grievance Committee's application is granted; and it is further,

Ordered that pursuant to 22 NYCRR 691.3, the respondent, Marvin Blakely, is publicly censured for his professional misconduct.